# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A., <br><br> Plaintiff, <br><br> v. <br><br> UNITEDHEALTHCARE INSURANCE COMPANY, MEDICAL AUDIT & REVIEW SOLUTIONS, INC., XYZ CORPS. 1-10, <br><br> Defendants. | Civil Action No.: <br><br> Removed from: <br><br> Superior Court of New Jersey <br> Law Division – Monmouth County <br><br> Docket No.: MON-L-003163-22 |

## NOTICE OF REMOVAL

**TO:** Clerk of the Court
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

Kyle R. Tognan, Esq.
**MAGGS McDERMOTT & DiCICCO, LLC**
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
*Attorneys for Plaintiff*

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Medical Audit & Review Solutions, Inc. ("MARS"), by and through undersigned counsel, hereby files this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Monmouth County, to the United States District Court for the District of New Jersey. For the reasons stated below, removal of this action is proper because the parties in this matter are citizens of different states and the amount in controversy exceeds $75,000; therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND AND PROCEDURAL HISTORY

1. On or about November 16, 2022, Plaintiff, The Plastic Surgery Center, P.A., filed a Complaint and Jury Demand against UnitedHealthcare Insurance Company ("United") and MARS in the Superior Court of New Jersey, Monmouth County, in an action styled as *The Plastic Surgery Center, P.A. v. UnitedHealthcare Insurance Company, Medical Audit & Review Solutions, Inc., XYZ Corps. 1-10* (the "State Court Action").

2. MARS was served with a copy of the Complaint on May 24, 2023.

3. Attached hereto as **Exhibit 1** are copies of all process, pleadings, and orders served on MARS relating to the State Court Action.

4. As a general rule, claims filed in state court against multiple defendants cannot be removed to federal court unless all defendants consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."). As evidenced by the Notice of Consent for Removal, which is attached hereto as **Exhibit 2**, United, the only other defendant in this action, consents to removal of the State Court Action to this Court in accordance with 28 U.S.C. § 1446(b)(2)(A) and (C).

## PLAINTIFF'S COMPLAINT

5. Plaintiff alleges that it is a New Jersey professional corporation engaged in the practice of plastic and reconstructive surgery. Complaint, ¶¶ 1, 6.

6. Plaintiff alleges that it entered into an agreement with United, as the authorized agent and administrator of a medical benefits plan that provided benefits to patient R.D., whereby Plaintiff would be paid at the "network level" for a surgical procedure to be performed on R.D. *Id.* at ¶¶ 2, 10.

7. Plaintiff performed the surgical procedure on patient R.D. and billed $121,678 for the primary surgeon (the "Primary Claim") and $99,948 for the assistant surgeon (the "Assistant

Claim"). *Id.* at ¶ 12.

8.  Plaintiff alleges that United underpaid both claims. *Id.* at ¶¶ 13-14.

9.  Plaintiff further alleges that MARS contacted Plaintiff to negotiate the balance due on the Primary Claim, but that United subsequently failed to remit any additional payments on the Primary Claim or the Assistant Claim and, as a result, $102,796.32 remains due on the Primary Claim, whereas $85,955.28 remains due on the Assistant Claim. *Id.* at ¶¶ 16-20.

10. Based on these allegations, Plaintiff's Complaint purports to assert a total of ten (10) causes of action—eight (8) against United and two (2) against MARS—as follows: (1) Breach of Contract, Primary Claim, against United; (2) Negligent Misrepresentation, Primary Claim, against United; (3) Alternate Breach of Contract, Primary Claim, against United; (4) Alternate Promissory Estoppel, Primary Claim, against United; (5) Alternate Negligent Misrepresentation, Primary Claim, against United; (6) Promissory Estoppel against MARS; (7) Negligent Misrepresentation against MARS; (8) Breach of Contract, Assistant Claim, against United; (9) Promissory Estoppel, Assistant Claim, against United; (10) Negligent Misrepresentation, Assistant Claim, against United. *Id.* at ¶¶ 21-93.

## BASIS FOR REMOVAL

### *Diversity Jurisdiction*

11. This Court has original subject matter jurisdiction over this action on the basis of diversity because the parties are completely diverse and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

12. Plaintiff alleges that it is a professional corporation organized in the State of New Jersey with its principal place of business at 535 Sycamore Avenue, Shrewsbury, New Jersey 07702. *Id.* at ¶ 1. Therefore, for the purposes of diversity jurisdiction, Plaintiff is a citizen of the State of New Jersey.

13. Defendant United is a corporation incorporated in the State of Connecticut with its principal place of business in Connecticut. Therefore, for the purposes of diversity jurisdiction, United is a citizen of the State of Connecticut.

14. Defendant MARS is a corporation incorporated in the State of Delaware with its principal place of business in the Commonwealth of Pennsylvania. Therefore, for the purposes of diversity jurisdiction, MARS is a citizen of the State of Delaware and the Commonwealth of Pennsylvania.

15. Given that Plaintiff is a citizen of the State of New Jersey, United is a citizen of the State of Connecticut, and MARS is a citizen of the State of Delaware and the Commonwealth of Pennsylvania, there is complete diversity between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332.

16. For purposes of diversity jurisdiction, the Third Circuit has held that "[w]e discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations." *Douglas v. Joseph*, 656 Fed. Appx. 602, 604 (3d Cir. 2016). Furthermore, a case should only be dismissed by a District Court for failure to meet the amount in controversy requirement when, from the face of the complaint, it appears to a "legal certainty" that the plaintiff's claim is really for less than the jurisdictional amount. *Id.* at 604-05 (quoting 14AA Charles Alan Wright *et al.*, Federal Practice and Procedure § 3702 (4th ed. Supp. 2016)).

17. Here, Plaintiff specifically prays for an award in excess of $75,000. *See, e.g.*, Complaint, ¶ 25 (demanding $102,796.32, plus interest and costs), ¶ 39 (demanding $121,048.02, plus interests and costs). Therefore, Plaintiff's allegations, if accepted as true, may garner an award in excess of $75,000.00, exclusive of interest and costs, thus satisfying the jurisdictional amount-in-controversy requirement under 28 U.S.C. § 1332(a). Accordingly, removal is proper.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

18. The procedural requirements for removal in 28 U.S.C. § 1446 are all satisfied here.

19. Subsection (a) of that provision requires the removing party to file a notice of removal, signed in accordance with Federal Rule of Civil Procedure 11, "in the district court of the United States for the district and division within which such action is pending," which MARS has done through the filing of this Notice of Removal.

20. Additionally, under 28 U.S.C. § 1441(a), removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." Venue is therefore proper in this Court pursuant to § 1441(a) and § 1446(a), as the Superior Court of New Jersey, Monmouth County, Law Division, in which the State Court Action is pending, is within the jurisdictional confines of the District of New Jersey.

21. MARS was served with the Complaint on May 24, 2023. Therefore, because this Notice of Removal is being filed within thirty (30) days after the receipt by MARS of a copy of Plaintiff's Complaint, removal is timely under 28 U.S.C. § 1446(b).

22. MARS will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and will simultaneously provide notice to the Clerk of Court for Superior Court of New Jersey, Monmouth County, Law Division, through the filing of this Notice of Removal and a separate Notice to State Court of Removal of Civil Action.

23. MARS files this Notice without waiving any defenses, arguments, objections, or principles of law or equity that may exist in its favor in state or federal court, including, but not limited to, the right to object to jurisdiction over the person, service of process, or the sufficiency of process, or the right to seek dismissal of the Complaint, compel arbitration, or both, as permitted

by the Federal Rules of Civil Procedure or by state or federal law, and expressly reserves its right to assert any and all defenses and objections to which it may be entitled in subsequent proceedings.

24. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

25. Based on the foregoing, MARS respectfully requests that this Court assume full jurisdiction over this action.

**WHEREFORE**, MARS respectfully gives notice to this Court that the above-styled civil action has been removed from the Superior Court of New Jersey, Law Division, Monmouth County to the United States District Court for the District of New Jersey in accordance with the foregoing legal authorities and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, for further proceedings and disposition, and that the parties are to take no further action with regard to this matter in the State Court Action. MARS also prays that it be granted all such other and further relief as this Court deems just and proper on the grounds asserted in this Notice of Removal and states that no previous application has been made for the relief prayed for herein.

Dated: June 23, 2023                **FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By: */s/ Rachel R. Hager*
  RACHEL R. HAGER, ESQ.
  67 East Park Place, Suite 901
  Morristown, New Jersey 07960
  (973) 343-4960
  rachel.hager@finazzolaw.com
  *Attorneys for Defendant,*
  *Medical Audit & Review Solutions, Inc.*

## **CERTIFICATION PURUSANT TO L. CIV. R. 11.2**

I certify that the subject matter now before this Court is not a part of any other action pending in any court or of any pending arbitration or administrative proceeding, except the Monmouth County Superior Court Law Division action upon which the removal application is based (MON-L-003163-22).

Dated: June 23, 2023                **FINAZZO COSSOLINI O'LEARY**
                                    **MEOLA & HAGER, LLC**

                                    By: */s/ Rachel R. Hager*
                                         RACHEL R. HAGER, ESQ.
                                         67 East Park Place, Suite 901
                                         Morristown, New Jersey 07960
                                         (973) 343-4960
                                         rachel.hager@finazzolaw.com
                                         *Attorneys for Defendant,*
                                         *Medical Audit & Review Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2023, I electronically filed the enclosed Notice of Removal and attached exhibits, and this Certificate of Service, through the Court's CM/ECF filing system, and a copy of same was sent via e-mail to the following counsel of record:

Kyle R. Tognan, Esq.
**MAGGS McDERMOTT & DiCICCO, LLC**
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
ktognan@maggslawnj.com
*Attorneys for Plaintiff*

Francis X. Manning, Esq.
Nancy C. Fisher, Esq.
**STRADLEY RONON STEVENS & YOUNG, LLP**
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002-2223
(856) 321-2403
fmanning@stradley.com
nfisher@stradley.com
*Attorneys for Defendant,*
*UnitedHealthcare Insurance Company*

                                            */s/ Rachel R. Hager*
                                            RACHEL R. HAGER, ESQ.