# EXHIBIT 1

Kyle R. Tognan, Esq. (128372014)
**MAGGS McDERMOTT & DiCICCO, LLC**
Attorneys at Law
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
Attorneys for Plaintiff
Our File Number: 3329.0394

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, MEDICAL AUDIT & REVIEW SOLUTIONS, INC., XYZ CORPS. 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MONMOUTH COUNTY<br><br>DOCKET NO.: MON-L-<br><br>*CIVIL ACTION*<br><br>**COMPLAINT AND JURY DEMAND** |

The Plastic Surgery Center, P.A. ("TPSC"), by and through their attorneys, Maggs McDermott & DiCicco, LLC, states of the Defendants, UnitedHealthcare Insurance Company ("UHC") and Medical Audit & Review Solutions, Inc. ("MARS"), and says:

<u>**PARTIES**</u>

1.        TPSC is a professional corporation organized and existing under the laws of the State of New Jersey and maintains its principal place of business at 535 Sycamore Avenue, Shrewsbury, New Jersey 07702.

2.        UHC is a medical insurance company which maintains offices at 185 Asylum Street, Hartford, CT 06103. At all relevant times, UnitedHealthcare acted as an authorized agent and administrator of a medical benefits plan (the "Plan") that provided medical benefits to R.D.

3.      MARS is a claims-settlement firm with offices located at 18 Campus Boulevard, Suite 200, Newtown Square, PA 19703.

4.      XYZ Corps. 1-10 are unknown entities that may operate, control, and/or administer healthcare plans, and/or may maintain self-insured health care plans that are administered by Horizon.

## FACTUAL ALLEGATIONS

5.      MARS is a designated agent of UHC with actual and apparent authority to negotiate and finalize settlement agreements with healthcare providers and at all times set forth herein acted with authority to bind UHC.

6.      At all relevant times, TPSC engaged in the practice of plastic and reconstructive surgery.

7.      R.D. is an individual who was diagnosed with bilateral acquired absence of both breasts due to breast cancer.

8.      To alleviate these ailments, R.D. consulted with Dr. Zuhaib Ibrahim, an employee of TPSC.

9.      Dr. Ibrahim determined that R.D. required the following medical procedure (the "Surgical Procedure"):

    a.  Placement of bilateral tissue expander at the time of bilateral nipple-sparing mastectomy; and

    b.  Bilateral creation of a prepectorial acellular dermal matrix pocket using perforated FlexHD 16x20 square centimeters on each side.

10.     TPSC and UHC entered into a Single Case Rate Agreement whereby in exchange for TPSC's performing the Surgical Procedure on R.D., UHC agreed to pay TPSC at the "network level" (the "Initial Contract").

11.     On September 24, 2020, Dr. Ibrahim performed the Surgical Procedure as the primary surgeon together with an assistant surgeon.

12.     TPSC billed $121,678 for the primary surgeon (the "Primary Claim") and $99,948 for the assistant surgeon (the "Assistant Claim").

13.     UHC issued a payment of $629.98 for the Primary Claim and $13,992.72 for the Assistant Claim (the "Determination").

14.     TPSC objected to the Determination as a breach of the Initial Contract as it paid below the agreed-upon network level.

15.     A representative of MARS thereafter contacted TPSC for the purpose of negotiating the balance due under the Primary Claim.

16.     MARS offered a written settlement to TPSC (on behalf of UHC); namely, MARS offered TPSC $103,426.30 for the Primary Claim (the "Settlement Agreement"). TPSC accepted and executed the Settlement Agreement.

17.     The previously paid $629.98 counted towards the Settlement Agreement, leaving a balance owed to TPSC of $102,796.32 under the Primary Claim.

18.     Thereafter, UHC did not remit any additional payment to TPSC on the Primary Claim.

19.     Additionally, UHC has failed to remit additional payment on the Assistant Claim and cure the breach under the Initial Contract.

20.     Applying the payments received from UHC, $102,796.32 remains due and owing on the Primary Claim under the Settlement Agreement and $85,955.28 on the Assistant Claim.

## COUNT ONE
### (Breach of Contract, Primary Claim – UHC)

21.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

22.     TPSC and UHC entered into the Settlement Agreement which constitutes an agreement wherein UHC agreed to pay TPSC the total sum of $103,426.30 under the Primary Claim for the Surgical Procedure which amount represents a compromise between the amount claimed due by TPSC from UHC and the amount claimed owed to TPSC by UHC.

23.     UHC paid only $629.98 for the Primary Claim.

24.     UHC has breached the agreement with TPSC by refusing to pay the balance due to TPSC.

25.     As a result of the breach of the Settlement Agreement, TPSC has suffered damages in the amount of $102,796.32.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $102,796.32, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT TWO
### (Negligent Misrepresentation, Primary Claim – UHC)

26.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

27.     Through MARS, UHC represented to TPSC that it would be compensated under the Primary Claim for the Surgical Procedure in the amount of $103,426.30.

28.     UHC paid TPSC only $629.98 for the Primary Claim.

29.     The representations by UHC were false, were made without a reasonable basis for the belief that they were true and were made with the intent that TPSC would rely on them to its detriment.

30.     UHC owed a duty to TPSC not to make false representations.

31.     TPSC reasonably and justifiably relied upon UHC's representations to its detriment that it would be paid $103,426.30 if it agreed to reduce the amount of the Primary Claim.

32.     TPSC has been harmed by its reliance on UHC's misrepresentations.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $102,796.32, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT THREE
### (Alternate Breach of Contract, Primary Claim – UHC)

33.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

34.     TPSC and UHC entered into the Initial Contract whereunder TPSC would be paid at the network level under the Primary Claim for the Surgical Procedure.

35.     The network level of payment for the Primary Claim is $121,678.

36.     As consideration for this payment, TPSC agreed to provide the Surgical Procedure.

37.     UHC paid TPSC only $629.98 for the Primary Claim.

38.     By failing to pay the Primary Claim at the network level, UHC has breached the Initial Contract with TPSC.

39.     As a result of UHC's breach of the Initial Contract, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $121,048.02, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT FOUR
### (Alternate Promissory Estoppel, Primary Claim – UHC)

40.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

41.     UHC represented to and promised TPSC that it would pay TPSC under the Primary Claim for the Surgical Procedure at the network level.

42.     The network level of payment for the Primary Claim is $121,678.

43.     TPSC reasonably relied on this promise and other representations of UHC and performed the Surgical Procedure.

44.     UHC paid TPSC only $629.98 for the Primary Claim.

45.     UHC has breached the promise and not complied with the representations made to TPSC by paying TPSC at a rate lower than the network level on the Primary Claim.

46.     By performing the Surgical Procedure and not receiving payment based on the promise and representations of UHC, TPSC has suffered a substantial detriment.

47.     UHC should have expected TPSC to rely upon its promise because, among other reasons, UHC knew or should have known that TPSC would not have performed the Surgical Procedure without a promise of payment at the network level for the Surgical Procedure.

48.     As a result thereof, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $121,048.02, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

<u>COUNT FIVE</u>
**(Alternate Negligent Misrepresentation, Primary Claim – UHC)**

49.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

50.     UHC represented to TPSC that TPSC would be compensated at the network level under the Primary Claim for the performance of the Surgical Procedure.

51.     The network level of payment for the Primary Claim is $121,678.

52.     UHC paid TPSC only $629.98 for the Primary Claim.

53.     The representations by UHC were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

54.     UHC owed a duty to TPSC to not make false representations.

55.     TPSC reasonably and justifiably relied upon UHC's misrepresentations to its detriment that it would be compensated at the network level for the performance of the Surgical Procedure.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $121,048.02, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT SIX
### (Promissory Estoppel – MARS)

56.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

57.     MARS represented to and promised TPSC that MARS would pay TPSC $103,426.30 to compromise the amount claimed due by TPSC under the Primary Claim for the Surgical Procedure.

58.     TPSC reasonably relied on the promise and other representations of MARS to compromise the Primary Claim.

59.     TPSC was only paid $629.98 for the Primary Claim.

60.     MARS has breached the promise and not complied with the representations to pay TPSC $103,426.30 under the Primary Claim for performing the Surgical Procedure.

61.     By compromising the claim and not receiving payment based on the promise and representations of MARS, TPSC has suffered a substantial detriment.

62.     MARS should have expected TPSC to rely upon its promise because, among other reasons, MARS knew or should have known that TPSC would not agree to reduce its demand without a promise of payment at the compromised amount.

63.     As a result thereof, TPSC has suffered damages in the amount of $102,796.32.

WHEREFORE, TPSC demands judgment against MARS for damages in the amount of $102,796.32, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

**COUNT SEVEN**
**(Negligent Misrepresentation – MARS)**

64.      TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

65.      MARS represented to TPSC that it would be compensated for the Surgical Procedure in the amount of $103,426.30 if it reduced the amount of the Primary Claim.

66.      TPSC was only paid $629.98 for the Primary Claim.

67.      The representations by MARS were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

68.      TPSC reasonably and justifiably relied upon MARS misrepresentations to its detriment that it would be paid $103,426.30 if it agreed to reduce the amount of the Primary Claim.

69.      TPSC has been harmed by its reliance on MARS's misrepresentations.

WHEREFORE, TPSC demands judgment against MARS for damages in the amount of $102,796.32, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

**COUNT EIGHT**
**(Breach of Contract, Assistant Claim – UHC)**

70.      TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

71.      TPSC and UHC entered into the Initial Contract whereunder TPSC would be paid at the network level under the Assistant Claim for the Surgical Procedure.

72.     The network level of payment for the Assistant claim is $99,948.

73.     As consideration for this payment, TPSC agreed to provide the Surgical Procedure.

74.     UHC paid TPSC only $13,992.72 for the Assistant Claim.

75.     By failing to pay the Assistant Claim at the network level, UHC has breached the Initial Contract with TPSC.

76.     As a result of UHC's breach of the Initial Contract, TPSC has suffered damages.

77.     WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $85,955.28, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

### COUNT NINE
**(Promissory Estoppel, Assistant Claim – UHC)**

78.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

79.     UHC represented to and promised TPSC that it would pay TPSC under the Assistant Claim for the Surgical Procedure at the network level.

80.     The network level of payment for the Assistant claim is $99,948.

81.     TPSC reasonably relied on this promise and other representations of UHC and performed the Surgical Procedure.

82.     UHC paid TPSC only $13,992.72 for the Assistant Claim.

83.     UHC has breached the promise and not complied with the representations made to TPSC by paying TPSC at a rate lower than the network level on the Assistant Claim.

84.    By performing the Surgical Procedure and not receiving payment based on the promise and representations of UHC, TPSC has suffered a substantial detriment.

85.    UHC should have expected TPSC to rely upon its promise because, among other reasons, UHC knew or should have known that TPSC would not have performed the Surgical Procedure without a promise of payment at the network level for the Surgical Procedure.

86.    As a result thereof, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $85,955.28, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT TEN
### (Negligent Misrepresentation, Assistant Claim – UHC)

87.    TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

88.    UHC represented to TPSC that TPSC would be compensated at the network level under the Assistant Claim for the performance of the Surgical Procedure.

89.    The network level of payment for the Assistant claim is $99,948.

90.    UHC paid TPSC only $13,992.72 for the Assistant Claim.

91.    The representations by UHC were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

92.    UHC owed a duty to TPSC to not make false representations.

93.    TPSC reasonably and justifiably relied upon UHC's misrepresentations to its detriment that it would be compensated at the network level for the performance of the Surgical Procedure.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $85,955.28, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## JURY DEMAND

Plaintiff hereby demands a jury for all issues so triable.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, Plaintiff hereby demands a complete copy of Defendant's applicable insurance agreement(s) demonstrating coverage, including policy and declaration sheets, within thirty (30) days of service of this Complaint.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, KYLE R. TOGNAN is hereby designated as trial counsel on behalf of the Plaintiff.

MAGGS MCDERMOTT & DiCICCO, LLC
*Attorneys for Plaintiff*

*s/ Kyle R. Tognan*

By: _____

KYLE R. TOGNAN

Dated: November 15, 2022

## <u>RULE 4:5-1 CERTIFICATION</u>

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending court action or arbitration, nor contemplated between these parties. I further certify that, to the best of my knowledge, information and belief, no other party should be joined in this action.

By:     *s/ Kyle R. Tognan*
_____
KYLE R. TOGNAN

Dated: November 15, 2022

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-003163-22

**Case Caption:** THE PLASTIC SURGERY  CENTER, P  VS UNITEDHEALTHCA

**Case Initiation Date:** 11/16/2022

**Attorney Name:** KYLE R TOGNAN

**Firm Name:** MAGGS, MCDERMOTT & DICICCO, LLC

**Address:** ALLAIRE COPORATE CTR 3349 HIGHWAY 138 BLDG C STE D

WALL NJ 07719

**Phone:** 7322239870

**Name of Party:** PLAINTIFF : THE PLASTIC SURGERY CENTER, P.

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** THE PLASTIC SURGERY CENTER, P.? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/16/2022

Dated

/s/ KYLE R TOGNAN

Signed

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD          NJ 07728
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   NOVEMBER 16, 2022
                         RE:     THE PLASTIC SURGERY  CENTER, P  VS UNITEDHEALTHCA
                         DOCKET: MON L -003163 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON KATHLEEN A. SHEEDY

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (732) 358-8700 EXT 87871.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: KYLE R. TOGNAN
                              MAGGS, MCDERMOTT & DICICCO, LL
                              ALLAIRE COPORATE CTR
                              3349 HIGHWAY 138 BLDG C STE D
                              WALL           NJ 07719

ECOURTS

**SUPERIOR COURT OF NEW JERSEY**
**County of Monmouth**
**Law Division**



\*234738\*

**AFFIDAVIT OF SERVICE**

Index no :MON-L-3163-22

The Plastic Surgery Center, P.A.

      Plaintiff(s),

vs.

UnitedHealthCare Insurance Company, et als

      Defendant(s).
_____/

STATE OF CONNECTICUT

          **ss: East Hartford**

HARTFORD COUNTY

Christine Foran, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On **11/16/2022** at **1:10 PM**, I served the within **Summons and Complaint, Jury Demand, Demand for Insurance Coverage, Designation of Trial Counsel, Certification and CIS** on **UnitedHealthCare Insurance Company at c/o CT Corporation System, Reg Agent, 67 Burnside Ave, East Hartford, CT 06108** in the manner indicated below:

CORPORATE SERVICE: By delivering a true copy of each to **Sierra Chandler, Process Specialist/Authorized Agent** of the above named corporation. The undersigned asked the recipient if he/she is authorized to accept service on behalf of **UnitedHealthCare Insurance Company**, and the recipient responded in the affirmative.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|-----|--------------------|--------------|-----|--------|--------|
| Female | Caucasian | Black | 26 | 5'6'' | 190 |
| Other Features: | | | | | |

Sworn to and subscribed before me on
November 16, 2022
by an affiant who is personally known to
me or produced identification.

_____
NOTARY PUBLIC
My Commission Expires: _____

X _____
Christine Foran
Guaranteed Subpoena
2009 Morris Avenue
Union, NJ 07083
1800 672-1952
Atty File#:

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/23

GSS#2022116101231

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD            NJ 07728
```

                              DISMISSAL NOTICE

```
TELEPHONE - (732) 358-8700 EXT. 87549,AUBREY GALLAGHER     TEAM 001
COURT HOURS:  8:30 AM - 4:30 PM
```

                   DATE: MARCH 31, 2023
                     RE: THE PLASTIC SURGERY  CENTER, P  VS UNITEDHEALTHCA
                 DOCKET: MON L -003163 22
                 PARTY:   MEDICAL AUDIT & REVI


          PLEASE TAKE NOTICE THAT ON MAY 30, 2023      (60 DAYS FROM DATE OF
    THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF
    PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION
    REQUIRED UNDER THE ABOVE RULES IS TAKEN.


       HON DAVID A. NITTI                              ATT: KYLE R. TOGNAN
    _____                 MAGGS, MCDERMOTT &
    DICICCO, LL
            JUDGE                                      ALLAIRE COPORATE CTR
                                                       3349 HIGHWAY 138 BLDG C
    STE D
                                                       WALL            NJ 07719

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD          NJ 07728
                              DISMISSAL NOTICE

TELEPHONE - (732) 358-8700 EXT. 87549,AUBREY GALLAGHER    TEAM 001
COURT HOURS:  8:30 AM - 4:30 PM

              DATE: APRIL 21, 2023
              RE: THE PLASTIC SURGERY  CENTER, P  VS UNITEDHEALTHCA
           DOCKET: MON L -003163 22
           PARTY:   UNITEDHEALTHCARE INS




        PLEASE TAKE NOTICE THAT ON JUNE 20, 2023    (60 DAYS FROM DATE OF
THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF
PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION
REQUIRED UNDER THE ABOVE RULES IS TAKEN.


   HON DAVID A. NITTI                              ATT: KYLE R. TOGNAN
                                                  MAGGS, MCDERMOTT &
_____
DICICCO, LL
          JUDGE                                   ALLAIRE COPORATE CTR
                                                  3349 HIGHWAY 138 BLDG C
STE D

                                                  WALL          NJ 07719
```

**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following was filed by  on 05/23/2023 at 7:01 PM:

| | |
|---|---|
| Plaintiff Name : | THE PLASTIC SURGERY CENTER, P . |
| Defendant Name: : | UNITEDHEALTHCARE INSURANCE COMPANY                         , MEDICAL AUDIT & REVIEW SOLUTIONS, INC. , XYZ CORPS. 1-10 |
| Case Caption: | THE PLASTIC SURGERY  CENTER, P  VS UNITEDHEALTHCA |
| Case Number: | MON L 003163-22 |
| Docket Text: | Default has been entered against the following party/parties: UNITEDHEALTHCARE INS URANCE CO M |
| Transaction ID: | LCV20231619499 |

**Notice has been electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff Attorney | KYLE R TOGNAN | KTOGNAN@MAGGSLAWNJ.COM MPISCITELLI@MAGGSLAWNJ.COM DRIZZO@MAGGSLAWNJ.COM |

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Defendant | UNITEDHEALTHCARE INSURANCE COMPANY | CT 00000 |
| Defendant | MEDICAL AUDIT & REVIEW SOLUTIONS, INC. | PA 00000 |
| Defendant | XYZ CORPS. 1-10 | NJ 00000 |

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

Kyle R. Tognan, Esq. (128372014)
**MAGGS McDERMOTT & DiCICCO, LLC**
Attorneys at Law
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
Attorneys for Plaintiff
Our File Number: 3329.0394

| THE PLASTIC SURGERY CENTER, P.A., <br><br> Plaintiff, <br><br> vs. <br><br> UNITEDHEALTHCARE INSURANCE COMPANY, MEDICAL AUDIT & REVIEW SOLUTIONS, INC., XYZ CORPS. 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> MONMOUTH COUNTY <br><br> DOCKET NUMBER: MON-L-3163-22 <br><br> *CIVIL ACTION* <br><br> **REQUEST AND CERTIFICATION TO ENTER DEFAULT** |
|---|---|

TO:   CLERK, SUPERIOR COURT
      Monmouth County Court House
      71 Monument Park
      Freehold, NJ 07728

MADAM:

YOU WILL PLEASE enter the default of the defendant herein, UNITED HEALTH CARE INSURANCE COMPANY, for failure to plead or otherwise defend as provided for by the Rules of Court.

MAGGS McDERMOTT & DiCICCO, LLC
Attorneys for Plaintiff, The Plastic Surgery Center, P.A.

BY:   _____
      KYLE R. TOGNAN, ESQUIRE

DATED:      May 23, 2023

**CERTIFICATION**

I, KYLE R. TOGNAN, ESQUIRE, of full age, hereby certify:

1.      I am the attorney for plaintiff in the above entitled matter and as such am fully familiar with the facts and circumstances surrounding this matter.

2.      The complaint and summons (annexed hereto as Exhibits "A" and "B") in this action were served upon the defendant UnitedHealthCare Insurance Company on November 16, 2022. Annexed hereto as Exhibit "C" is a copy of the Sheriff's return of service.

3.      The time within which the defendant may answer or otherwise move as to the complaint has expired.

4.      The defendant has not answered or otherwise moved.

5.      The time for the defendant to answer or otherwise move has been extended on three (3) separate occasions; January 20, 2023, February 9, 2023, and most recently until April 17, 2023, however, the defendant has not answered or otherwise moved. The time for the defendant to answer or otherwise move has not been extended beyond April 17, 2023.

6.      I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


                                                    KYLE R. TOGNAN, ESQUIRE


DATED:       May 23, 2023

# EXHIBIT A

Kyle R. Tognan, Esq. (128372014)
**MAGGS McDERMOTT & DiCICCO, LLC**
Attorneys at Law
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
Attorneys for Plaintiff
Our File Number: 3329.0394

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A., <br><br> Plaintiff, <br><br> vs. <br><br> UNITEDHEALTHCARE INSURANCE COMPANY, MEDICAL AUDIT & REVIEW SOLUTIONS, INC., XYZ CORPS. 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION – MONMOUTH COUNTY <br><br> DOCKET NO.: MON-L- <br><br> *CIVIL ACTION* <br><br> **COMPLAINT AND JURY DEMAND** |

The Plastic Surgery Center, P.A. ("TPSC"), by and through their attorneys, Maggs

McDermott & DiCicco, LLC, states of the Defendants, UnitedHealthcare Insurance Company

("UHC") and Medical Audit & Review Solutions, Inc. ("MARS"), and says:

## PARTIES

1.      TPSC is a professional corporation organized and existing under the laws of the

State of New Jersey and maintains its principal place of business at 535 Sycamore Avenue,

Shrewsbury, New Jersey 07702.

2.      UHC is a medical insurance company which maintains offices at 185 Asylum

Street, Hartford, CT 06103. At all relevant times, UnitedHealthcare acted as an authorized agent

and administrator of a medical benefits plan (the "Plan") that provided medical benefits to R.D.

3.      MARS is a claims-settlement firm with offices located at 18 Campus Boulevard, Suite 200, Newtown Square, PA 19703.

4.      XYZ Corps. 1-10 are unknown entities that may operate, control, and/or administer healthcare plans, and/or may maintain self-insured health care plans that are administered by Horizon.

## FACTUAL ALLEGATIONS

5.      MARS is a designated agent of UHC with actual and apparent authority to negotiate and finalize settlement agreements with healthcare providers and at all times set forth herein acted with authority to bind UHC.

6.      At all relevant times, TPSC engaged in the practice of plastic and reconstructive surgery.

7.      R.D. is an individual who was diagnosed with bilateral acquired absence of both breasts due to breast cancer.

8.      To alleviate these ailments, R.D. consulted with Dr. Zuhaib Ibrahim, an employee of TPSC.

9.      Dr. Ibrahim determined that R.D. required the following medical procedure (the "Surgical Procedure"):

      a. Placement of bilateral tissue expander at the time of bilateral nipple-sparing mastectomy; and

      b. Bilateral creation of a prepectorial acellular dermal matrix pocket using perforated FlexHD 16x20 square centimeters on each side.

10.     TPSC and UHC entered into a Single Case Rate Agreement whereby in exchange for TPSC's performing the Surgical Procedure on R.D., UHC agreed to pay TPSC at the "network level" (the "Initial Contract").

11.    On September 24, 2020, Dr. Ibrahim performed the Surgical Procedure as the primary surgeon together with an assistant surgeon.

12.    TPSC billed $121,678 for the primary surgeon (the "Primary Claim") and $99,948 for the assistant surgeon (the "Assistant Claim").

13.    UHC issued a payment of $629.98 for the Primary Claim and $13,992.72 for the Assistant Claim (the "Determination").

14.    TPSC objected to the Determination as a breach of the Initial Contract as it paid below the agreed-upon network level.

15.    A representative of MARS thereafter contacted TPSC for the purpose of negotiating the balance due under the Primary Claim.

16.    MARS offered a written settlement to TPSC (on behalf of UHC); namely, MARS offered TPSC $103,426.30 for the Primary Claim (the "Settlement Agreement"). TPSC accepted and executed the Settlement Agreement.

17.    The previously paid $629.98 counted towards the Settlement Agreement, leaving a balance owed to TPSC of $102,796.32 under the Primary Claim.

18.    Thereafter, UHC did not remit any additional payment to TPSC on the Primary Claim.

19.    Additionally, UHC has failed to remit additional payment on the Assistant Claim and cure the breach under the Initial Contract.

20.    Applying the payments received from UHC, $102,796.32 remains due and owing on the Primary Claim under the Settlement Agreement and $85,955.28 on the Assistant Claim.

## COUNT ONE
**(Breach of Contract, Primary Claim – UHC)**

21.　　TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

22.　　TPSC and UHC entered into the Settlement Agreement which constitutes an agreement wherein UHC agreed to pay TPSC the total sum of $103,426.30 under the Primary Claim for the Surgical Procedure which amount represents a compromise between the amount claimed due by TPSC from UHC and the amount claimed owed to TPSC by UHC.

23.　　UHC paid only $629.98 for the Primary Claim.

24.　　UHC has breached the agreement with TPSC by refusing to pay the balance due to TPSC.

25.　　As a result of the breach of the Settlement Agreement, TPSC has suffered damages in the amount of $102,796.32.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $102,796.32, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT TWO
**(Negligent Misrepresentation, Primary Claim – UHC)**

26.　　TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

27.　　Through MARS, UHC represented to TPSC that it would be compensated under the Primary Claim for the Surgical Procedure in the amount of $103,426.30.

28.　　UHC paid TPSC only $629.98 for the Primary Claim.

29.    The representations by UHC were false, were made without a reasonable basis for the belief that they were true and were made with the intent that TPSC would rely on them to its detriment.

30.    UHC owed a duty to TPSC not to make false representations.

31.    TPSC reasonably and justifiably relied upon UHC's representations to its detriment that it would be paid $103,426.30 if it agreed to reduce the amount of the Primary Claim.

32.    TPSC has been harmed by its reliance on UHC's misrepresentations.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $102,796.32, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT THREE
### (Alternate Breach of Contract, Primary Claim – UHC)

33.    TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

34.    TPSC and UHC entered into the Initial Contract whereunder TPSC would be paid at the network level under the Primary Claim for the Surgical Procedure.

35.    The network level of payment for the Primary Claim is $121,678.

36.    As consideration for this payment, TPSC agreed to provide the Surgical Procedure.

37.    UHC paid TPSC only $629.98 for the Primary Claim.

38.    By failing to pay the Primary Claim at the network level, UHC has breached the Initial Contract with TPSC.

39.     As a result of UHC's breach of the Initial Contract, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of

$121,048.02, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*,

costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and

proper.

## COUNT FOUR
### (Alternate Promissory Estoppel, Primary Claim – UHC)

40.     TPSC repeats and realleges the allegations contained in the preceding paragraphs

as if set forth at length herein.

41.     UHC represented to and promised TPSC that it would pay TPSC under the

Primary Claim for the Surgical Procedure at the network level.

42.     The network level of payment for the Primary Claim is $121,678.

43.     TPSC reasonably relied on this promise and other representations of UHC and

performed the Surgical Procedure.

44.     UHC paid TPSC only $629.98 for the Primary Claim.

45.     UHC has breached the promise and not complied with the representations made to

TPSC by paying TPSC at a rate lower than the network level on the Primary Claim.

46.     By performing the Surgical Procedure and not receiving payment based on the

promise and representations of UHC, TPSC has suffered a substantial detriment.

47.     UHC should have expected TPSC to rely upon its promise because, among other

reasons, UHC knew or should have known that TPSC would not have performed the Surgical

Procedure without a promise of payment at the network level for the Surgical Procedure.

48.     As a result thereof, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $121,048.02, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT FIVE
### (Alternate Negligent Misrepresentation, Primary Claim – UHC)

49.      TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

50.      UHC represented to TPSC that TPSC would be compensated at the network level under the Primary Claim for the performance of the Surgical Procedure.

51.      The network level of payment for the Primary Claim is $121,678.

52.      UHC paid TPSC only $629.98 for the Primary Claim.

53.      The representations by UHC were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

54.      UHC owed a duty to TPSC to not make false representations.

55.      TPSC reasonably and justifiably relied upon UHC's misrepresentations to its detriment that it would be compensated at the network level for the performance of the Surgical Procedure.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $121,048.02, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT SIX
**(Promissory Estoppel – MARS)**

56.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

57.     MARS represented to and promised TPSC that MARS would pay TPSC $103,426.30 to compromise the amount claimed due by TPSC under the Primary Claim for the Surgical Procedure.

58.     TPSC reasonably relied on the promise and other representations of MARS to compromise the Primary Claim.

59.     TPSC was only paid $629.98 for the Primary Claim.

60.     MARS has breached the promise and not complied with the representations to pay TPSC $103,426.30 under the Primary Claim for performing the Surgical Procedure.

61.     By compromising the claim and not receiving payment based on the promise and representations of MARS, TPSC has suffered a substantial detriment.

62.     MARS should have expected TPSC to rely upon its promise because, among other reasons, MARS knew or should have known that TPSC would not agree to reduce its demand without a promise of payment at the compromised amount.

63.     As a result thereof, TPSC has suffered damages in the amount of $102,796.32.

WHEREFORE, TPSC demands judgment against MARS for damages in the amount of $102,796.32, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT SEVEN
### (Negligent Misrepresentation – MARS)

64.    TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

65.    MARS represented to TPSC that it would be compensated for the Surgical Procedure in the amount of $103,426.30 if it reduced the amount of the Primary Claim.

66.    TPSC was only paid $629.98 for the Primary Claim.

67.    The representations by MARS were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

68.    TPSC reasonably and justifiably relied upon MARS misrepresentations to its detriment that it would be paid $103,426.30 if it agreed to reduce the amount of the Primary Claim.

69.    TPSC has been harmed by its reliance on MARS's misrepresentations.

WHEREFORE, TPSC demands judgment against MARS for damages in the amount of $102,796.32, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT EIGHT
### (Breach of Contract, Assistant Claim – UHC)

70.    TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

71.    TPSC and UHC entered into the Initial Contract whereunder TPSC would be paid at the network level under the Assistant Claim for the Surgical Procedure.

72.     The network level of payment for the Assistant claim is $99,948.

73.     As consideration for this payment, TPSC agreed to provide the Surgical

Procedure.

74.     UHC paid TPSC only $13,992.72 for the Assistant Claim.

75.     By failing to pay the Assistant Claim at the network level, UHC has breached the

Initial Contract with TPSC.

76.     As a result of UHC's breach of the Initial Contract, TPSC has suffered damages.

77.     WHEREFORE, TPSC demands judgment against UHC for damages in the

amount of $85,955.28, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et

seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair

and proper.

**COUNT NINE**
**(Promissory Estoppel, Assistant Claim – UHC)**

78.     TPSC repeats and realleges the allegations contained in the preceding paragraphs

as if set forth at length herein.

79.     UHC represented to and promised TPSC that it would pay TPSC under the

Assistant Claim for the Surgical Procedure at the network level.

80.     The network level of payment for the Assistant claim is $99,948.

81.     TPSC reasonably relied on this promise and other representations of UHC and

performed the Surgical Procedure.

82.     UHC paid TPSC only $13,992.72 for the Assistant Claim.

83.     UHC has breached the promise and not complied with the representations made to

TPSC by paying TPSC at a rate lower than the network level on the Assistant Claim.

84.     By performing the Surgical Procedure and not receiving payment based on the promise and representations of UHC, TPSC has suffered a substantial detriment.

85.     UHC should have expected TPSC to rely upon its promise because, among other reasons, UHC knew or should have known that TPSC would not have performed the Surgical Procedure without a promise of payment at the network level for the Surgical Procedure.

86.     As a result thereof, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of $85,955.28, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT TEN
### (Negligent Misrepresentation, Assistant Claim – UHC)

87.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

88.     UHC represented to TPSC that TPSC would be compensated at the network level under the Assistant Claim for the performance of the Surgical Procedure.

89.     The network level of payment for the Assistant claim is $99,948.

90.     UHC paid TPSC only $13,992.72 for the Assistant Claim.

91.     The representations by UHC were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

92.     UHC owed a duty to TPSC to not make false representations.

93.     TPSC reasonably and justifiably relied upon UHC's misrepresentations to its detriment that it would be compensated at the network level for the performance of the Surgical Procedure.

WHEREFORE, TPSC demands judgment against UHC for damages in the amount of

$85,955.28, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs

of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## JURY DEMAND

Plaintiff hereby demands a jury for all issues so triable.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, Plaintiff hereby demands a complete copy of Defendant's

applicable insurance agreement(s) demonstrating coverage, including policy and declaration

sheets, within thirty (30) days of service of this Complaint.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, KYLE R. TOGNAN is hereby designated as

trial counsel on behalf of the Plaintiff.

MAGGS MCDERMOTT & DiCICCO, LLC
*Attorneys for Plaintiff*

*s/ Kyle R. Tognan*

By: _____

KYLE R. TOGNAN

Dated: November 15, 2022

## RULE 4:5-1 CERTIFICATION

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending court action or arbitration, nor contemplated between these parties. I further certify that, to the best of my knowledge, information and belief, no other party should be joined in this action.

By:
*s/ Kyle R. Tognan*
_____
KYLE R. TOGNAN

Dated: November 15, 2022

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-003163-22

**Case Caption:** THE PLASTIC SURGERY CENTER, P VS
UNITEDHEALTHCA
**Case Initiation Date:** 11/16/2022
**Attorney Name:** KYLE R TOGNAN
**Firm Name:** MAGGS, MCDERMOTT & DICICCO, LLC
**Address:** ALLAIRE COPORATE CTR 3349 HIGHWAY 138
BLDG C STE D
WALL NJ 07719
**Phone:** 7322239870
**Name of Party:** PLAINTIFF : THE PLASTIC SURGERY
CENTER, P.
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: THE PLASTIC SURGERY
CENTER, P.?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/16/2022
Dated

/s/ KYLE R TOGNAN
Signed

Case 3:23-cv-03432-RK-JBD   Document 1-1   Filed 06/23/23   Page 41 of 60 PageID: 49

MON-L-003163-22   05/23/2023 9:50:40 AM   Pg 19 of 23   Trans ID: LCV20231606300
MON-L-003163-22   11/16/2022 9:05:34 AM   Pg 2 of 2   Trans ID: LCV20223954996

# EXHIBIT B

## SUMMONS

Attorney(s) MAGGS McDERMOTT & DiCICCO, LLC

Office Address  3349 HIGHWAY 138

Town, State, Zip Code  BUILDING C, SUITE D
~~WALL, NJ 07719~~

Telephone Number  732-223-9870

Attorney(s) for Plaintiff THE PLASTIC SURGERY CENTER

THE PLASTIC SURGERY CENTER,

P.A.

     Plaintiff(s)

   vs.

UNITEDHEALTHCARE INSURANCE

COMPANY, ET ALS

     Defendant(s)

**Superior Court of
New Jersey**

Monmouth  ▾ County

LAW      Division

Docket No: MON-L-3163-22

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

                             *s/ Michelle M. Smith*

                          Clerk of the Superior Court

DATED:   11/16/2022

Name of Defendant to Be Served:     UNITEDHEALTHCARE INSURANCE COMPANY

Address of Defendant to Be Served: 185 ASYLUM STREET, HARTFORD, CT 06103

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# EXHIBIT C

**SUPERIOR COURT OF NEW JERSEY**
**County of Monmouth**
**Law Division**



*234738*

**AFFIDAVIT OF SERVICE**

Index no :MON-L-3163-22

The Plastic Surgery Center, P.A.

      Plaintiff(s),

vs.

UnitedHealthCare Insurance Company, et als

      Defendant(s).

_____/

STATE OF CONNECTICUT

        ss: East Hartford

HARTFORD COUNTY

Christine Foran, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On 11/16/2022 at 1:10 PM, I served the within **Summons and Complaint, Jury Demand, Demand for Insurance Coverage, Designation of Trial Counsel, Certification and CIS** on **UnitedHealthCare Insurance Company** at **c/o CT Corporation System, Reg Agent, 67 Burnside Ave, East Hartford, CT 06108** in the manner indicated below:

CORPORATE SERVICE: By delivering a true copy of each to **Sierra Chandler, Process Specialist/Authorized Agent** of the above named corporation. The undersigned asked the recipient if he/she is authorized to accept service on behalf of **UnitedHealthCare Insurance Company**, and the recipient responded in the affirmative.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | Caucasian | Black | 26 | 5'6" | 190 |
| Other Features: | | | | | |

Sworn to and subscribed before me on
November 16, 2022
by an affiant who is personally known to
me or produced identification.

NOTARY PUBLIC
My Commission Expires: _____

X _____
Christine Foran
Guaranteed Subpoena
2009 Morris Avenue
Union, NJ 07083
1800 672-1952
Atty File#:

**AMY J. CHANTRY**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/23

GSS#2022111610123/

# MAGGS MCDERMOTT & DICICCO, LLC

### ATTORNEYS AT LAW
ALLAIRE CORPORATE CENTER
3349 HIGHWAY 138
BUILDING C, SUITE D
WALL, NEW JERSEY 07719
(732) 223-9870 TELEPHONE
(732) 223-7367 FAX

JAMES A. MAGGS***
JOHN J. MCDERMOTT **
MICHAEL M. DICICCO***

** NJ & NY BAR
***NJ BAR
++NJ & PA BAR

JAIMEE M. NADELL **
VICTORIA J. ADORNETTO**
STEPHANIE L. DELUCA++
KYLE R. TOGNAN++
CHARLES R. MATHIS IV++
BETHANNA M. SCOTT***
JUAN C. CERVANTES++

May 26, 2023

*Via eCourts*
Clerk
Monmouth County Courthouse
71 Monument Park
Freehold, NJ 07728

      Re:    The Plastic Surgery Center, P.A. v. UnitedHealthcare Insurance Company,
             Medical Audit & Review Solutions, and XYZ Corps. 1-10
             Docket Number:      MON-L-3163-22
             Our File Number:      3329.0394

Dear Sir/Madam:

      This Firm represents Plaintiff, The Plastic Surgery Center, P.A. ("TPSC") in the above-referenced matter. I am writing regarding the pending dismissal for lack of prosecution of Medical Audit & Review Solutions ("MARS"), scheduled for May 30, 2023.

      After some confusion as to MARS's proper address, Guaranteed Subpoena successfully served MARS on May 24, 2023; however, we are still awaiting the affidavit of service for filing. I have attached hereto an online confirmation page indicating that MARS was served. Therefore, I would ask the Court to delay the dismissal seven (7) days to ensure that this Firm has time to receive the affidavit of service and file it on eCourts.

      Please do not hesitate to contact me with any questions, concerns, or further requirements this Court may have.

             Respectfully submitted,

             *s/Kyle R. Tognan*
             KYLE R. TOGNAN

KRT/
Enclosure



**1-800-672-1952**

Voted best Process Servers in NY, PA
Voted the best in New Jersey* Statewide -
Nationwide - Worldwide

**1-800-672-1952**

| HOME | ABOUT US | DIRECTIONS | RULES AND LAWS | SERVICES / RATES | CONTACT US |

---

MY ACCOUNT
SERVE A SUBPOENA
REQUEST A STATEMENT
REQUEST AN AFFIDAVIT
PROCESS SERVICE
INVESTIGATIONS
DOCUMENT RETRIEVAL
WORK RETRIEVAL
FEEDBACK

**Guaranteed's Green Initiatives.**
In 2012 Guaranteed introduced near-paperless processing to its back office operations. Our proprietary document management system saves times, improves document accuracy, and in 2012 alone will save 144 trees.

Read More

Guaranteed Subpoena Service, Inc.
P.O. BOX 2248, UNION, NJ 07083
Phone: (800) 672-1952 Fax: (908) 688-0885
Tax ID: ███████ Email: Info@Served.com
*Your process may have been served - until the proof of service is produced, notarized and mailed, it will be recorded as 'still pending' in our records
www.Served.com

| | |
|---|---|
| GSS# | 20230523113613 |
| Docket/Case#: | MON L 3163 22 |
| Claim/File#: | 3329.0394 |
| Plaintiff: | TIME PLASTIC SURGERY CENTER, P.A. |
| Defendant: | UNITEDHEALTHCARE INSURANCE COMPANY, ET AL |
| Entity: | MEDICAL AUDIT &. REVIEW SOLUTIONS, INC., C/O CORPORATION SERVICE COMPANY |
| Address: | 251 LITTLE FALLS DRIVE   WILMINGTON DE  19803 |
| Court Date: | |
| Due Date: | 5/26/2023 12:00:00 AM |
| Attorney: | KYLE R. TOGNAN, ESQ. |
| Status | THIS IS NOT AN AFFIDAVIT! |
| Served Date/Time | 5/24/2023 2:45:00 PM |
| Service Type | |
| Accepted By: | |
| Relationship/Title | |
| Description | Sex:  Age:  Height:  Skin:  Hair:  Other: |

Name
Phone
Email
Contact me via
◯Email   ◯Phone

Request Status

 

Phone: 1-800-672-1952 Fax: 1-800-236-2092
Info@Served.com
Copyright © 2023 Guaranteed Subpoena Service, Inc. All Rights Reserved.

Contact Us
Privacy Notice
Disclaimer
About Us

ONLINE INVOICE PAYMENT:



**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following clerk notice is being sent from eCourts:

| | |
|---|---|
| Plaintiff Name: | THE PLASTIC SURGERY CENTER, P . |
| Defendant Name: | UNITEDHEALTHCARE INSURANCE COMPANY                    , MEDICAL AUDIT & REVIEW SOLUTIONS, INC. , XYZ CORPS. 1-10 |
| Case Caption: | THE PLASTIC SURGERY  CENTER, P  VS UNITEDHEALTHCA |
| Case Number: | MON L 003163-22 |
| Docket Text: | **CLERK NOTICE**: re: GENERAL CORRESPONDENCE LCV20231652221 -As requested, the dismissal for lack of prosecution was administratively delayed until Tues., June 13, 2023.  Paul, Ext. 87586 |
| Transaction ID: | LCV20231672159 |

**Notice has been electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff Attorney | KYLE R TOGNAN | KTOGNAN@MAGGSLAWNJ.COM MPISCITELLI@MAGGSLAWNJ.COM DRIZZO@MAGGSLAWNJ.COM |

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Defendant | UNITEDHEALTHCARE INSURANCE COMPANY | CT 00000 |
| Defendant | MEDICAL AUDIT & REVIEW SOLUTIONS, INC. | PA 00000 |
| Defendant | XYZ CORPS. 1-10 | NJ 00000 |

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

Job #  8922046
Ref #  20230523113613

# Affidavit of Process Server

In The Superior Court of New Jersey in and for Monmouth County, Law Division
(NAME OF COURT)

| The Plastic Surgery Center, et al | VS | UnitedHealthCare Insurance Company, et al | MON-L-3163-22 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDENT/RESPONDENT | CASE NUMBER |

**I Sharlene Brooks**, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

Service: I served _____ Medical Audit & Review Solutions, Inc. _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Summons; Complaint; Civil Case Information Statement; Demand; Certification (Received May 24, 2023 at 1:40pm EDT)
by leaving with _____ Lynanne Gares, Litigation Management Services Leader _____
NAME/RELATIONSHIP/TITLE

Service Address: _____ Corporation Service Company, Registered Agent 251 Little Falls Drive, Wilmington, DE 19808 _____

On _____ Wed, May 24 2023 _____ AT _____ 02:45 PM _____
DATE                                                                              TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY            STATE            ZIP

Manner of Service:
- [ ] **Personal:** By personally delivering copies to the person being served.
- [ ] **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
- [ ] **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
- [X] **Corporate:** By personally delivering copies to the person named above.
- [ ] **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
- [ ] Inquired if subject was a member of the U.S. Military and was informed they are not.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

- [ ] Unknown at Address  [ ] Moved, Left no Forwarding  [ ] Service Cancelled by Litigant  [ ] Unable to Serve in Timely Fashion
- [ ] Address Does Not Exist  [ ] Other _____

**Description:**  Age  34  Sex  Female  Race  Caucasian  Height  5'6"  Weight  135  Hair  Brown  Beard _____ Glasses _____

Date: May 25, 2023 _____                                          _____
                                                                SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State
of Delaware on  May 25, 2023  (Date)                          _____
                                                         SIGNATURE OF NOTARY PUBLIC
                                                         NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2024

**STRADLEY, RONON, STEVENS & YOUNG**
A Pennsylvania Limited Liability Partnership
By:     Francis X. Manning (ID No. 008431991)
          Nancy C. Fisher (ID No. 398822022)
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
T:  (856) 321-2400
F:  (856) 321-2415
E:  fmanning@stradley.com; nfisher@stradley.com

*Attorneys for Defendant, United Healthcare Insurance Company*

| | | |
|---|---|---|
| THE PLASTIC SURGERY CENTER, P.A., | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff, | : | MONMOUTH COUNTY |
| | : | |
| vs. | : | |
| | : | DOCKET NO. MON-L-003163-22 |
| UNITEDHEALTHCARE INSURANCE | : | |
| COMPANY, MEDICAL AUDIT & | : | **CONSENT ORDER VACATING** |
| REVIEW SOLUTIONS, INC., XYZ | : | **DEFAULT AND EXTENDING TIME** |
| CORPS. 1-10, | : | **TO RESPOND TO COMPLAINT** |
| | : | |
| Defendants. | : | |

THIS MATTER having been opened to the Court by Stradley Ronon Stevens & Young,

LLP, attorneys for Defendant, United Healthcare Insurance Company ("United"), and with the

consent of counsel for Plaintiff, IT IS HEREBY ORDERED that:

a)  The default entered on the docket against United on May 23, 2023, is vacated; and

b)  United shall have until June 30, 2023, to respond to Plaintiff's Complaint.


DATED:  June 12, 2023


                                        BY THE COURT:


                                        _____
                                                                        , J.S.C.

We hereby consent to the form and substance of the foregoing Order.

*/s/ Kyle R.Tognan*
Kyle R. Tognan, Esq.
MAGGS McDERMOTT & DiCICCO, LLC
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
ktognan@maggslawnj.com

*Attorneys for Plaintiff,*
*The Plastic Surgery Center, P.A.*

*/s/ Nancy C. Fisher*
Francis X. Manning, Esq.
Nancy C. Fisher, Esq.
STRADLEY RONON STEVENS & YOUNG, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
(856) 321-2400
fmanning@stradley.com
nfisher@stradley.com

*Attorneys for Defendant,*
*United Healthcare Insurance Company*

6153529v.1

**STRADLEY, RONON, STEVENS & YOUNG**
A Pennsylvania Limited Liability Partnership
By:    Francis X. Manning (ID No. 008431991)
       Nancy C. Fisher (ID No. 398822022)
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
T:  (856) 321-2400
F:  (856) 321-2415
E:  fmanning@stradley.com; nfisher@stradley.com

*Attorneys for Defendant, United Healthcare Insurance Company*

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A., | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION |
| | MONMOUTH COUNTY |
| vs. | |
| | DOCKET NO. MON-L-003163-22 |
| UNITEDHEALTHCARE INSURANCE COMPANY, MEDICAL AUDIT & REVIEW SOLUTIONS, INC., XYZ CORPS. 1-10, | **CONSENT ORDER VACATING DEFAULT AND EXTENDING TIME TO RESPOND TO COMPLAINT** |
| Defendants. | |

THIS MATTER having been opened to the Court by Stradley Ronon Stevens & Young,

LLP, attorneys for Defendant, United Healthcare Insurance Company ("United"), and with the

consent of counsel for Plaintiff, IT IS HEREBY ORDERED that:

a)  The default entered on the docket against United on May 23, 2023, is vacated; and

b)  United shall have until June 30, 2023, to respond to Plaintiff's Complaint.

DATED:  June 12, 2023

BY THE COURT:

_David A. Nitti_ , J.S.C.

6153529v.1

We hereby consent to the form and substance of the foregoing Order.

/s/ Kyle R.Tognan
Kyle R. Tognan, Esq.
MAGGS McDERMOTT & DiCICCO, LLC
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
ktognan@maggslawnj.com

Attorneys for Plaintiff,
The Plastic Surgery Center, P.A.

/s/ Nancy C. Fisher
Francis X. Manning, Esq.
Nancy C. Fisher, Esq.
STRADLEY RONON STEVENS & YOUNG, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
(856) 321-2400
fmanning@stradley.com
nfisher@stradley.com

Attorneys for Defendant,
United Healthcare Insurance Company

-

**MONMOUTH COUNTY**
**SUPERIOR COURT**
**PO BOX 1270**
**FREEHOLD          NJ 07728**


**TELEPHONE - (732) 358-8700 EXT. 87549,AUBREY GALLAGHER      TEAM 001**
**COURT HOURS:  8:30 AM - 4:30 PM                              DATE JUNE 16, 2023**

**DOCKET NO. MON L -003163 22**
**NAME: THE PLASTIC SURGERY  CENTER, P  VS UNITEDHEALTHCA**
**PARTIES: MEDICAL AUDIT & REVI**


     **IT IS HEREBY ORDERED THAT UNDER RULES 1:13-7 OR 4:43-2, THE ABOVE MATTER HAS BEEN**
**DISMISSED WITHOUT PREJUDICE AGAINST THE ABOVE PARTY OR PARTIES FOR LACK OF PROSECUTION.**
**JUDGMENTS PREVIOUSLY ENTERED IN THIS CASE ARE NOT AFFECTED BY THIS ORDER.**

     **A FORMAL NOTICE OF MOTION IS NOW REQUIRED TO RESTORE THIS PARTY TO ACTIVE TRIAL**
**STATUS.**


   **HON DAVID A. NITTI**                              **ATT: KYLE R. TOGNAN**
                                                        **MAGGS, MCDERMOTT &**
_____
**DICICCO, LL**
                                                        **ALLAIRE COPORATE CTR**
          **JUDGE**                                      **3349 HIGHWAY 138 BLDG C**
**STE D**

                                                        **WALL            NJ 07719**

# MAGGS MCDERMOTT & DICICCO, LLC

ATTORNEYS AT LAW
ALLAIRE CORPORATE CENTER
3349 HIGHWAY 138
BUILDING C, SUITE D
WALL, NEW JERSEY 07719
(732) 223-9870 TELEPHONE
(732) 223-7367 FAX

_____

JAMES A. MAGGS***
JOHN J. MCDERMOTT **
MICHAEL M. DICICCO***

** NJ & NY BAR
***NJ BAR
++NJ & PA BAR

JAIMEE M. NADELL **
VICTORIA J. ADORNETTO**
STEPHANIE L. DELUCA++
KYLE R. TOGNAN++
CHARLES R. MATHIS IV++
BETHANNA M. SCOTT***
JUAN C. CERVANTES++

June 19, 2023

<u>*Via eCourts*</u>
Clerk
Monmouth County Courthouse
71 Monument Park
Freehold, NJ 07728

> Re:   The Plastic Surgery Center, P.A. v. UnitedHealthcare Insurance Company,
>       Medical Audit & Review Solutions, and XYZ Corps. 1-10
>       Docket Number:        MON-L-3163-22
>       Our File Number:      3329.0394

Dear Sir/Madam:

This Firm represents Plaintiff, The Plastic Surgery Center, P.A. in the above-referenced matter. I am writing regarding the Court's Order for Dismissal for Lack of Prosecution entered on June 15, 2023 dismissing Medical Audit & Review Solutions ("MARS") without prejudice. Plaintiff believes this Order was entered in error.

On May 26, 2023, Plaintiff advised the Court that MARS had been served and that Plaintiff was awaiting an affidavit of service from its process server, and requested that the lack of prosecution dismissal date be administratively delayed to allow Plaintiff to receive and file the affidavit of service. In response, the Court uploaded a "Clerk's Notice" on May 31, 2023, which read "As requested, the dismissal for lack of prosecution was administratively delayed until Tues., June 13, 2023." On June 6, 2023, Plaintiff received the affidavit of service regarding service on MARS from its process server and filed it accordingly.

Therefore, Plaintiff respectfully requests that the Court reinstate the matter as to MARS, as Plaintiff filed its proof of service within the allotted time to do so.

Plaintiff thanks the Court for its consideration. Please do not hesitate to contact me with any questions, concerns, or further requirements the Court may have.

Respectfully submitted,

*s/Kyle R. Tognan*
KYLE R. TOGNAN

STRADLEY RONON STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
By:     Francis X. Manning, Esquire (ID No. 008431991)
Nancy C. Fisher, Esquire (ID No. 398822022)
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
T:  (856) 321-2403
F:  (856) 321-2415
E:   fmanning@stradley.com
*Attorneys for UnitedHealthcare Insurance Company*

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, MEDICAL AUDIT & REVIEW SOLUTIONS, INC., XYZ CORPS. 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-MONMOUTH COUNTY<br><br>DOCKET NO:  MON-L-003163-22<br><br>Civil Action<br><br>**ENTRY OF APPEARANCE** |

Kindly enter my appearance on behalf of defendant denominated as

UnitedHealthcare Insurance Company.

STRADLEY RONON STEVENS & YOUNG, LLP

By:   */s/ Francis X. Manning*
      Francis X. Manning, Esquire
      457 Haddonfield Road, Ste.100
      Cherry Hill, NJ 08002
      T:  (856) 321-2403
      F:  (856) 321-2415
      E:   fmanning@stradley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of June, 2023, I caused a copy of the

foregoing to be served upon all counsel of record via e-Courts.


*/s/ Francis X. Manning*
Francis X. Manning

6168662

STRADLEY RONON STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
By:     Francis X. Manning, Esquire (ID No. 008431991)
Nancy C. Fisher, Esquire (ID No. 398822022)
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
T:  (856) 321-2403
F:  (856) 321-2415
E:  nfisher@stradley.com
*Attorneys for UnitedHealthcare Insurance Company*

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, MEDICAL AUDIT & REVIEW SOLUTIONS, INC., XYZ CORPS. 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-MONMOUTH COUNTY<br><br>DOCKET NO:  MON-L-003163-22<br><br>Civil Action<br><br>ENTRY OF APPEARANCE |

Kindly enter my appearance on behalf of defendant denominated as

UnitedHealthcare Insurance Company.

STRADLEY RONON STEVENS & YOUNG, LLP

By:   */s/ Nancy Fisher*
      Nancy Fisher, Esquire
      2005 Market St, Ste. 2600
      Philadelphia, PA 19103
      T:  (215) 564.8137
      F:  (856) 321-2415
      E:  nfisher@stradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2023, I caused a copy of the

foregoing to be served upon all counsel of record via e-Courts.


*/s/ Nancy C. Fisher*
Nancy C. Fisher

6168671